IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT JAMES CAMPBELL, § § | |
| Petitioner, § § | |
| v. § | C.A. NO. H-00-3844 |
| § | |
| WILLIAM STEPHENS, DIRECTOR, § TDCJ, CORRECTIONAL § INSTITUTIONS DIVISION, § § | |
| Respondent. § | |

## ORDER OF TRANSFER

In 1991, a Texas jury convicted Robert James Campbell ("Campbell") of capital murder and answered Texas' special issues in a manner requiring the imposition of a death sentence. In the more than two decades that have followed, Campbell has challenged his conviction and sentence in both state and federal court. Campbell's initial federal petition for a writ of habeas corpus was denied on March 19, 2003. (Document No. 31). The State of Texas plans on carrying out Campbell's execution on May 13, 2014.

Campbell has filed a Second Petition for a Writ of Habeas Corpus by a Person in State Custody. (Docket Entry No. 63). Campbell argues that mental retardation should preclude his execution under *Atkins v. Virginia*, 536 U.S. 304 (2002). Campbell seeks leave to proceed *in forma pauperis*. (Docket Entry No. 64). Campbell has also filed an Unopposed Motion to Transfer Successive Petition for Writ of Habeas Corpus To the United States Court of Appeals For the Fifth Circuit. (Docket Entry No. 65).

The Anti-Terrorism and Effect Death Penalty Act ("AEDPA") does not authorize this Court to adjudicate Campbell's second habeas petition. Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also Felker v. Turpin*, 518 U.S. 651, 664 (1996) ("The Act requires a habeas petitioner to obtain leave from the court of appeals before filing a second habeas petition in the district court."). Campbell's pleadings indicate that he has contemporaneously filed a motion in the Court of Appeals for the Fifth Circuit seeking authorization to proceed with a successive habeas petition. (Docket Entry No. 65 at 1).

The AEDPA vests exclusive authority in the Fifth Circuit to permit the filing of a successive habeas action. Federal procedure allows a district court to transfer a successive habeas petition to the circuit court for review under 28 U.S.C. § 2244(b)(2). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). Under federal law,

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631. "The legislative history of § 1631 indicates that Congress contemplated that the provision would aid litigants who were confused about the proper forum for review." *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996) (quotation omitted). Three conditions underlie a proper transfer: "(1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070 (9th Cir. 2001).

This Court lacks jurisdiction to consider Campbell's claims until the Fifth Circuit, which could have exercised jurisdiction at the time Campbell filed his successive petition, makes a gateway determination under the AEDPA. "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time consuming and justice-defeating." *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990).

Accordingly, the Court **GRANTS** Campbell's unopposed motion to transfer his second petition for a writ of habeas corpus to the Court of Appeals for the Fifth Circuit. (Docket Entry No. 65). The Court also **GRANTS** Campbell's motion to proceed *in forma pauperis*. (Docket Entry No. 64).

**In light of Campbell's impending execution, this Court directs the Clerk to transfer Campbell's second habeas petition (Docket Entry No. 63) to the Fifth Circuit Court of Appeals for a determination of whether, under 28 U.S.C. § 2244(b)(2), that court should authorize the filing of a successive habeas petition.**

**SIGNED** at Houston, Texas, on this ___ day of May, 2014.

KEITH P. ELLISON
United States District Judge